UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES D. METROS,       )<br>            Plaintiff       )<br>                              )<br>      v.                        )        2:04 CV 359<br>                              )<br>MICHAEL J. BOGESE, JR., HICKORY      )<br>HILLS DEVELOPMENT CO., L.L.C.,       )<br>INTERSTATE INVESTMENT CO., L.P.,     )<br>FREEMAN, FREEMAN AND           )<br>SALZMAN, P.C., and CHRIS C. GAIR,    )<br>            Defendants       ) | |

## MEMORANDUM AND ORDER

Presently before the court for resolution are three motions for summary judgment: one filed by defendant Michael J. Bogese. Jr. ("Bogese"); one filed jointly by defendants Hickory Hills Development Co, L.L.C. ("Hickory Hills") and Interstate Investment Co., L.P. ("Interstate"); and one filed jointly by defendants Freeman, Freeman and Salzman, P.C. ("Freeman") and Chris C. Gair ("Gair"). The three motions present essentially the same arguments, and for simplicity, the discussion herein will proceed as if one joint motion for summary judgment was filed. That is the approach taken by plaintiff Metros, who has filed one response addressing the three motions in unison.

RULE 56 of the FEDERAL RULES OF CIVIL PROCEDURE mandates the entry of a summary judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). When considering the motion, the court must construe all of the evidence and the reasonable inferences to be drawn therefrom in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986); *Harrell v. United States Postal Service*, 415 F.3d 700, 706 (7th Cir. 2005).

By way of a simplified background, and not as a statement of the undisputed facts relied upon in arriving at a ruling, at the pertinent times plaintiff James D. Metros ("Metros") was the mayor of Crown Point, Indiana, and a member of the Board of Directors of the Lake County [Indiana] Solid Waste Management District ("the District"). The District was engaged in a search for a site for a new solid-waste landfill. A site owned by Hickory Hills was chosen–which Metros initially favored—and a contract was signed which required Hickory Hills to obtain necessary zoning and other permits, with the District offering assistance as necessary. Metros, who had changed his mind about the site, worked actively for the contract to be rescinded and for a new site to be chosen. Ultimately those efforts were successful, which prompted Hickory Hills, Interstate and Bogese (all of whom had a stake in the landfill) to file suit in state court against the District and Metros, among other defendants. Gair is an attorney with the Freeman firm, who filed the suit.

In that state court suit plaintiffs Hickory Hills, Interstate and Bogese sought damages from Metros in his individual capacity, alleging that he had tortiously interfered with Hickory Hills' contract; and conspired to tortiously interfere with that contract and another contract between Hickory Hills/Interstate and Waste Management, Inc., that was pertinent to the landfill. After approximately two years, on July 24, 2002, the state court granted summary judgment in Metros' favor, terminating the litigation against him as an individual defendant. Later that year the remaining parties settled the case.

On July 22, 2004, Metros filed the complaint initiating the present suit,[1] in which he alleges that defendants' bringing the state court suit against him in his individual capacity constituted libel, negligence, abuse of process and malicious prosecution.[2] In moving for summary judgment, defendants argue that no claim for any type of defamation may be brought, because allegations made in the prior lawsuit were absolutely privileged; that claims for negligence, libel and abuse of process are barred by the applicable statute of limitations, which is two years; and that no claim for malicious prosecution will lie because probable cause existed for bringing the prior suit. Metros' response is quite short. He argues that the defendants have not established that they had a basis for bringing the prior suit; and that none of his claims are barred by the statute of limitations because each day that the state court lawsuit remained pending was a "perpetuation of the slander and libel, [and] the abuse of the judicial process[.]" Response, DE # 39, at 6.

It is undisputed that the prior state-court lawsuit against Metros was filed on August 4, 2000, and that Metros filed the present suit more than two years later, on July 22, 2004. In Indiana, most causes of action for injury to person—including those here, libel, slander, defamation, abuse of process and negligence—are governed by a two-year statute of limitations. Ind. Code § 34-11-2-4. For abuse of process the claim accrues when the act complained of is committed; for libel, slander and defamation, the claim accrues when the allegedly wrongful statements are published. In the present case, that means that

---

[1] The complaint was filed in state court and removed by the defendants to this court. After inquiry, the court is satisfied that complete diversity exists. See Amended Notice of Removal, DE # 50.

[2] A claim of invasion of privacy has been dropped.

3

the claims accrued when the state-court complaint was filed on August 4, 2000. *See Strutz v. McNagny*, 558 N.E.2d 1103, 1106 (Ind. App. 1990); *Chacharis v. Fadell*, 438 N.E.2d 1032 (Ind. App. 1982). Metros has cited no Indiana authority contrary to *Strutz* and *Chacharis*, to support his theory that each day the suit remained pending the claims were perpetuated. Because Metros waited more than two years to bring claims for libel, slander, defamation and abuse of process, the statute of limitations entitles defendants to summary judgment on those claims.

The court arrives at the same conclusion with respect to Metros' claim for negligence. The date when a cause of action accrues for the purpose of the statute of limitations is a question of law for the court to determine. *Strauser v. Westfield Ins. Co.*, 827 N.E.2d 1181, 1185 (Ind. App. 2005). Generally speaking, a cause of action for a negligence claim accrues when the plaintiff knows, or could have discovered through the exercise of due diligence, that an injury has resulted from the tortious act of another. *Keep v. Noble County Dept. of Public Welfare*, 696 N.E.2d 422 (Ind. App. 1998). In response to defendants' motions for summary judgment Metros has not explained exactly what acts by defendants he views as constituting negligence. His complaint, however, alleges that the "*filing* of the antecedent complaint . . . visit[ed] tremendous mental anguish upon Metros . . . damaging his familial, social, political and professional relationships" and that defendants' "actions . . . in the antecedent case constituted . . . negligence." Complaint ¶¶ 3, 7. Thus, the court believes that Metros' negligence claim, whatever its specifics might be, accrued when the antecedent complaint was filed, and is therefore barred by the statute of limitations.

This leaves only Metros' claim for malicious prosecution. In Indiana, a claim of malicious prosecution has four elements: 1) institution of an action against the plaintiff;

4

2) with malice in doing so; 3) without probable cause for instituting the action, and: 4) termination of the action in plaintiff's favor. *City of New Haven v. Reichhart*, 748 N.E.2d 374, 378 (Ind. 2001). Probable cause for bringing the action exists when "'a reasonably intelligent and prudent person would be induced to act as did the person who is charged with the burden of having probable cause.'" *Id*. at 379 (quoting *Maynard v. 84 Lumber Co.*, 657 N.E.2d 406, 409 (Ind. App. 1995)). While this is an objective determination, the attorney who files the suit must also subjectively believe that probable cause exists. *Wong v. Tabor*, 422 N.E.2d 1279, 1287-88 (Ind. App. 1981).

In the present case, it is undisputed that Hickory Hills, Interstate and Bogese initiated the state-court suit against Metros only after consulting attorneys to determine whether that action was warranted. Those attorneys, defendant Gair and attorney Joseph Van Bokkelen (who was not named as a defendant in the present suit), have filed their own affidavits detailing the efforts they made to determine that probable cause existed for filing the lawsuit. Further, Gair and Freeman have filed the affidavit of David C. Jensen, an experienced and distinguished local attorney, who has thoroughly reviewed the record of the state court lawsuit and discovery adduced therein, and states as his expert opinion that the suit against Metros was "amply supported" by the evidence and that probable cause therefore existed.

In his response Metros has not even addressed the Jensen affidavit, arguing only that Van Bokkelen's conclusion is based on "speculation," while the state court's grant of summary judgment to Metros on the basis of immunity establishes that there was no legal basis for bringing the suit where the complaint did not plead that Metros acted outside the scope of his duties. Thus, he argues that defendants are not entitled to summary judgment.

As defendants point out in their replies, Metros is incorrect. The state-court complaint (attached as Ex. A to Freeman and Gair's mtoition) did allege that Metros acted beyond the scope of his duties. *See*, *e.g.*, ¶¶ 165, 174 (Metro was "not acting as agent[] of the District"). In essence, Metros is arguing that simply because he obtained summary judgment in the underlying lawsuit, defendants lacked probable cause to bring it, which conflates the third and fourth elements of a malicious prosecution claim. Because Metros has provided no evidence, in the form of expert opinion or otherwise, to place in dispute either the facts showing that defendants did exercise due diligence before bringing the suit or Jensen's expert opinion that probable cause existed, there is no factual dispute requiring trial and defendants are entitled to summary judgment.

For the foregoing reasons, the motions for summary judgment filed by defendants Bogese (DE # 35), Hickory Hills/Interstate Investment (DE # 28), and Freeman/Gair (DE # 31) are **GRANTED**. The clerk shall enter a final judgment in defendants' favor, stating that plaintiff Metros shall take nothing by way of his complaint.

**SO ORDERED.**

ENTER: December 13, 2005

                                              s/James T. Moody
                                              JUDGE JAMES T. MOODY
                                              UNITED STATES DISTRICT COURT